**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**DAYTON DIVISION**

| | |
|---|---|
| **CYNTHIA D. JOHNS,** *individually and on* *behalf of all others similarly situated*, | : <br> : **CASE NO**. 3:24-cv-00210 <br> : |
| *Plaintiffs,* | : **JUDGE: _____** <br> : |
| **v.** | : <br> : **JURY DEMANDED** |
| **ACK HOME CARE, LLC** *dba* **SENIOR** **HELPERS OF DAYTON, SH** **FRANCHISING, LLC** *dba* **SENIOR** **HELPERS, JOHN C. KOFLOWITCH,** | : <br> : <br> : <br> : <br> : |
| *Defendants.* | : |

---

**FLSA AND OHIO CLASS ACTION COMPLAINT**

---

## I. INTRODUCTION

1.      This is an action brought by Cynthia D. Johns ("Named Plaintiff") against Ack Home Care, LLC *dba* Senior Helpers of Dayton, SH Franchising, LLC, *dba* Senior Helpers, and owner John C. Koflowitch (collectively "Defendants") Defendants are a single enterprise that does business under the name of Senior Helpers throughout Ohio.

2.      Named Plaintiff brings her federal claims against Defendants, who are her employer, in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standard Act of 1939 ("FLSA"), as amended 29 U.S.C. § 201 et seq. Named Plaintiff seeks Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to inform other similarly situated employees of their rights under the FLSA.

3.      Named Plaintiff brings her Ohio claims against Defendants, who are her employer, in order to recover compensation, liquidated damages, attorneys' fees and costs, and

other equitable relief pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et. seq., (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, 15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts") and O.R.C. § 2307.60. Named Plaintiff brings her Ohio Acts and O.R.C. § 2307.60 on behalf of herself and all Ohio employees pursuant to Fed. R. Civ. P. 23.

4. Named Plaintiff and those similarly situated are current and former employees of Defendants who worked 24 hour live-in shifts and were not paid at least the minimum wage for work performed during what the Defendants' classified as "Sleep Time", did not have their Sleep Time hours added to their total hours worked during a workweek, and were required to pay for groceries, medication, and other general living expenses for Defendants' patients without being reimbursed. (hereafter, "Putative Plaintiffs").

5. Under the FLSA and the Ohio Wage Acts, Defendants were required to pay for all hours Putative Plaintiffs worked and pay them 150% over their regular rate for all hours worked over 40 in a workweek. By willfully failing to compensate Named Plaintiff and Putative Plaintiffs who performed work, i.e., patient care, during their Sleep Time, the Defendants violated the FLSA and the Ohio Acts.

6. Requiring Named Plaintiff and the Putative Plaintiffs to pay for groceries, medication, and other general living expenses for Defendants' patients without reimbursing them constituted illegal deductions from their pay and constituted an unjust enrichment to the Defendants.

## II.   JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

8. This Court has supplemental jurisdiction over Named Plaintiff's and the Putative Class Members' Ohio Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Named Plaintiff's claims under the FLSA that they form part of the same controversy.

9. Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district.

### III.  THE PARTIES

**A.**  **Plaintiffs**.

10. Cynthia D. Johns ("Named Plaintiff") is an adult resident of Dayton, Ohio residing at 4623 Sylvan Drive, Dayton, Ohio 45417. Named Plaintiff Johns is jointly employed by Defendants as an in-home Nursing Assistant and has been since the end of September 2023. Her consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

11. The Putative Plaintiffs are all non-exempt employees employed by Defendants who work live-in 24 hour shifts at any time within three (3) years preceding the commencement of this action.

**B.**  **Defendants.**

12. Defendant Ack Home Care, LLC *dba* Senior Helpers of Dayton is a domestic limited liability corporation which filed its Articles of Organization in Ohio on December 17, 2019. Process may be served upon its Registered Agent, John C. Koflowitch, at 9267 Gibson Dr, Powell, Ohio 43065.

13. Defendant SH Franchising, LLC *dba* Senior Helpers is a national franchisor of Senior Helpers locations that implements and oversees the operations of its franchisees through

training programs and the provision of corporate policies. SH Franchising, LLC is a Maryland limited liability company. Process may be served on its Registered Agent, Mark Steinberg, at 901 Dulaney Valley Road, Suite 700, Towson, Maryland 21204.

14. Defendant John C. Koflowitch is an adult individual who does business throughout the state of Ohio and is the owner of Ack Home Care, LLC *dba* Senior Helpers of Dayton. Process may be served at his residence at 9267 Gibson Dr, Powell, Ohio 43065.

15. Defendants hold themselves out as, act as, and in fact comprise a single enterprise.

16. Defendants centrally control employment policies and practices for all of their employees.

17. Defendants regularly oversee business operations, address employment issues, and specifically implement pay and other employment practices and policies.

18. Defendants share a common purpose of providing senior care.

19. Defendants' enterprise acts through each of the Defendants.

20. Furthermore, each of the Defendants acts directly in the interest of itself and of the other entities comprising the enterprise as an employer in relation to Named Plaintiffs and the Putative Plaintiffs.

21. Thus, each Defendant is a "person" (within the meaning of the FLSA and the Ohio Acts) "acting directly or indirectly in the interest of an employer in relation to an employee." *See* 29 U.S.C. §§ 203(a),

22. As a result, Defendants, both individually and collectively, employ the Named Plaintiff and the Putative Plaintiffs within the meaning of the FLSA and Ohio Acts.

## IV. <u>FACUTAL ALLEGATIONS</u>

23. During all times material to this Complaint, Defendants were joint employers

within the meaning of the FLSA, the Ohio Acts, and O.R.C. § 2307.60.

24.     During all times material to this Complaint, Defendants jointly employed Named Plaintiff and the Putative Plaintiffs within the meaning of the FLSA and the Ohio Acts.

25.     During all times material to this Complaint, Defendants constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

26.     During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs have been Defendants' joint employees pursuant to the Ohio Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

27.     During all times material to this Complaint, Defendants jointly hired Named Plaintiff and the Putative Plaintiffs.

28.     During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs were paid at an hourly rate, not on a salary or fee basis as described in 29 C.F.R. § 541.301 and thus were non-exempt employees entitled to be paid at least the minimum wage for all hours worked and overtime at 150% of their regular rate for all hours worked over forty (40) in a workweek.

29.     Named Plaintiff and the Putative Plaintiffs were hourly, non-exempt employees.

30.     Named Plaintiff and the Putative Plaintiffs typically worked four (4) days straight

providing live-in 24-hour nursing care for Defendants' patients.

31.     Named Plaintiff and the Putative Plaintiffs regularly worked beyond forty (40) hours in a workweek.

32.     Defendants would record Named Plaintiff and the Putative Plaintiffs' hours worked through an app, wherein Named Plaintiff and the Putative Plaintiffs would have to manually clock themselves in to work and clock themselves out at the end of their respective shifts.

33.     Defendants are in the business of providing in-home healthcare services, primarily for elderly and/or disabled individuals.

34.     Named Plaintiff's and the Putative Plaintiffs' duties include medically related tasks, taking clients to appointments and arranging medical care, dressing, grooming, feeding, and bathing clients, housekeeping, and other various day-to-day care activities that clients could not complete on their own.

35.     More than twenty (20) percent of Named Plaintiff and the Putative Plaintiffs' job duties required care-related services.

36.     Named Plaintiff and the Putative Plaintiffs do not perform any general household work for other members of the Defendants' clients' household.

37.     Defendants required Named Plaintiff and the Putative Plaintiffs to chart the patients' medications, services, when the work when they slept and other vital information on a application they accessed through their phone.

38.     It was Defendants' joint company-wide practice and policy to not pay Named Plaintiff and the Putative Plaintiffs during Sleep Time hours, the eight (8) hour period between 10:00 p.m. and 6:00 a.m. However, Named Plaintiff and the Putative Plaintiffs were still required

to complete work related tasks during this unpaid period as they arose, which occurred often.

39.     Named Plaintiff's and the Putative Plaintiffs' services were to be readily available, Defendants' clients regularly required assistance and supervision, they were responsible for the Defendants' clients' welfare, and they were unable to leave the premises if they wanted to.

40.     Some of Defendants' patients had severe dementia and/or were a flight risk and required Named Plaintiff and the Putative Plaintiffs to be alert at all times. This also resulted in Named Plaintiff and the Putative Plaintiffs often performing work over the course of a night when they were not being compensated.

41.     Defendants did not provide Named Plaintiff and the Putative Plaintiffs adequate sleeping facilities such that they could enjoy an uninterrupted night's sleep.

42.     Due to the demands of the Defendants' clients, Named Plaintiff and the Putative Plaintiffs did not get at least five (5) hours sleep per night.

43.     Named Plaintiff has been sexually assaulted by one of Defendants' clients. After making multiple complaints to management, nothing has been done and she is still required to care for that same patient on a regular basis.

44.     Defendants also required Named Plaintiff and the Putative Plaintiffs, to pay for groceries, medication, and other general living expenses for Defendants' patients without reimbursing them, this consisted of illegal deductions from their pay and constituted an unjust enrichment to the Defendants.

45.     Named Plaintiff complained to Defendants' management team about being required to pay for Defendants' patients' expenses. Defendant stated that she "should be paid back" but Named Plaintiff has never been fully paid back.

46.     As of the filing of this Complaint, Named Plaintiff and the Putative Plaintiffs have not been paid all the wages they earned while working for Defendants, and those unpaid wages have gone unpaid for more than thirty (30) days.

47.     The FLSA and the Ohio Wage Act require employers to count all interruptions of an employee's sleep as hours worked and does not permit an employer to deduct sleep time hours if the employee does not get five (5) hours of sleep.

48.     Defendants knew or should have known that the Named Plaintiff and the Putative Plaintiffs "Sleep Time" was interrupted, and they did not get five (5) hours of sleep but still did not pay them for the eight (8) hours of "Sleep Time."

49.     Defendants knew or should have known their pay practices were in violation of the FLSA and the Ohio Acts.

50.     The practices by Defendants not to pay Named Plaintiff and the Putative Plaintiffs for all hours worked, not to pay Named Plaintiff and the Putative Plaintiffs for all hours worked in excess of forty (40) in an amount equal to one-and-a-half-times their regular rate, and not to pay back Named Plaintiff and the Putative Plaintiffs for paying for Defendants' patients' expenses, were willful and not in good faith.

51.     Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Named Plaintiff and the Putative Plaintiffs for all hours worked, failing to pay Named Plaintiff and the Putative Plaintiffs for all hours worked in excess of forty (40) in an amount equal to one-and-a-half-times their regular rate, and failing to compensate Named Plaintiff and the Putative Plaintiffs for paying for Defendants' patients' expenses.

## V.   COURT SUPERVISED NOTICE PURSUANT TO 29 USC § 216(b)ALLEGING FLSA VIOLATIONS

52.    Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

53.    Named Plaintiff requests that the Court issue Court Supervised Notice to the following group of current and former employees defined as:

**All non-exempt employees who work Live-in 24 hour shifts at any time within three (3) years of the date the Motion for Court Supervised Notice is filed. ("Employees Entitled to Notice")**

54.    Named Plaintiff reserves the right to amend and refine the definition of the Employees Entitled to Notice. She seeks to have the Court serve notice based upon further investigation and discovery.

55.    The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

56.    Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to the Named Plaintiff.

57.    Sending Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because they have been subjected to single companywide policies and common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendants satisfied the FLSA's requirements for paying them for all hours worked.

58.     Named Plaintiff and the Employees Entitled to Notice, having willfully been not paid their entitled compensation for work they performed pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

59.     The Named Plaintiff and the Employees Entitled to Notice have been similarly affected by the violations of Defendants in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned FLSA compliant wages.

60.     Named Plaintiff seeks to have the Court send supervised notice pursuant to 29 U.S.C. § 216(b), as defined above, to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

61.     Named Plaintiff is similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

62.     Named Plaintiff intends to send notice to all the Employees Entitled to Notice pursuant to Section 216(b) of the FLSA. The names and addresses of the Employees Entitled to Notice are available from Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under the FLSA.

63.     Named Plaintiff and the Employees Entitled to Notice have been similarly damaged by Defendants' willful refusal minimum wages for all hours worked, failing to pay 150% of Named Plaintiff's and the Employees Entitled to Notice's regular rate for all hours worked beyond forty (40) in a workweek, and illegally deducting wages.

64. As a result of Defendants' FLSA violations, Named Plaintiff and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

65. Any alleged defenses Defendants may raise will be common to the Named Plaintiff and the Employees Entitled to Notice.

## VI. FED. CIV. RULE 23 CLASS ACTION ALLEGATIONS

66. Named Plaintiff brings her Ohio Wage Act and OPPA claims pursuant to the Federal Rule of Civil Procedure 23, on behalf of herself and a class of persons consisting of:

**All non-exempt employees who work Live-in 24 hour shifts at any time within the period of 2 years preceding the commencement of this action through the date of judgment. ("Ohio Acts Rule 23 Class").**

67. Named Plaintiff reserves the right to amend and refine the definition of the Ohio Acts Rule 23 Class they seek to represent based upon further investigation and discovery.

68. The number and identity of the Ohio Acts Rule 23 Class are ascertainable from Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under the Federal Rule of Civil Procedure 23.

69. The Ohio Acts Rule 23 Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

70. Named Plaintiff's Ohio Acts claims are typical of those claims which could be alleged by any Ohio Acts Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Ohio Acts Rule 23 Class member in separate actions.

71. Named Plaintiff and the Ohio Acts Rule 23 Class Members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay Named Plaintiff and

the Ohio Rule 23 Class members the state minimum wage for all hours worked, failing to pay 150% of Named Plaintiff's and the Ohio Rule 23 Class members' regular rate for all hours worked beyond forty (40) in a workweek, and illegally deducting wages.

72.     Named Plaintiff and the Ohio Acts Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the Ohio Wage Act and the OPPA.

73.     Named Plaintiff and the Ohio Acts Rule 23 Class members have all been injured in that they have been uncompensated due to Defendants' common policy, practice, and willful conduct. Defendants' corporate wide policies, practices and willful conduct affected the Ohio Acts Rule 23 Class similarly, and Defendants jointly benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Acts Rule 23 Class members.

74.     Named Plaintiff and the Ohio Acts Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, policies, and willful conduct.

75.     Named Plaintiff is able to fairly and adequately protect the interests of the Ohio Acts Rule 23 Class members and has no interests antagonistic to the Ohio Acts Rule 23 Class.

76.     Named Plaintiff and the Ohio Acts Rule 23 Class members are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

77.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly within the context of wage and hour litigation on behalf of non-exempt workers where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

78.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

79.    Common questions of law and fact exist as to the Named Plaintiff and the Ohio Acts Rule 23 Class that predominate over any questions only affecting Named Plaintiff and the Ohio Acts Rule 23 Class members individually and include, but are not limited to:

a.    Whether Defendants knew or should have known that the Named Plaintiff and the Putative Plaintiffs "Sleep Time" was interrupted, and they did not get five (5) hours of sleep but still did not pay them for the eight (8) hours of "Sleep Time."

b.    Whether Defendants improperly failed to pay the Named Plaintiff and the Ohio Acts Rule 23 Class members at or above the Ohio Minimum wage for all hours worked.

c.    Whether Defendants improperly failed to pay the Named Plaintiff and the Ohio Acts Rule 23 Class members for all the hours they worked and at least 150% of their respective regular rates for all hours worked beyond forty (40) in a workweek;

d.    Whether the wages owed to the Named Plaintiff and the Ohio Acts Rule 23 Class members remain unpaid for more than thirty (30) days;

e.    Whether Defendants' companywide decision to not pay the Named Plaintiff and the Ohio Acts Rule 23 Class members at least the Ohio minimum wage for all hours worked and at least 150% of their respective regular rates for all hours worked beyond forty (40) in a workweek was willful and without a good faith basis;

f.    Whether the unreimbursed payment of client's expenses constituted an illegal deduction of wags;

g.    The nature and extent of class-wide injury and the measure of damages for those

injuries.

80.     Named Plaintiff and the Ohio Acts Rule 23 Class members have been damaged by Defendants' willful refusal to pay for all hours worked, at least 150% of their respective regular rates for all hours worked beyond forty (40) in a workweek, and illegally deducting wages; and to make these payments within thirty (30) days of the works performance.

81.     As a result of Defendants' Ohio Wage Act and OPPA violations, Named Plaintiff and the Ohio Acts Rule 23 Class members are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## VII. <u>CAUSES OF ACTION</u>

### <u>COUNT I</u>
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

82.     Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

83.     During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendants were the joint employers of Named Plaintiff and Employees Entitled to Notice within the meaning of 29 U.S.C. § 203(d).

84.     During the time period from approximately three (3) years preceding the commencement of this action to the present, Named Plaintiff and the Employees Entitled to Notice were jointly employed by Defendants within the meaning of 29 U.S.C. § 203(e)(1).

85.     During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendants jointly employed Named Plaintiff and the Employees Entitled to Notice within the meaning of 29 U.S.C. § 203(g).

86.     During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendants were joint-employers subject to the

FLSA.

87.     During all times material to this Complaint, Named Plaintiff and the Employees Entitled to Notice have not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

88.     At all times material to this Complaint, Defendants regularly employed Named Plaintiff and the Employees Entitled to Notice to work more than forty (40) hours in a workweek.

89.     Defendants violated federal law because they knew or should have known that the Named Plaintiff and the Putative Plaintiffs "Sleep Time" was interrupted, and they did not get five (5) hours of sleep but still did not pay them for the eight (8) hours of "Sleep Time."

90.     Defendants, as described above, violated the FLSA, 29 U.S.C. § 207, by failing to pay Named Plaintiff and the Employees Entitled to Notice at the appropriate overtime rate for all hours worked in excess of forty (40) per workweek.

91.     Named Plaintiff and the Employees Entitled to Notice should have been paid minimum wages for all hours worked and 150% of their regular rate for all hours worked beyond forty (40) in a workweek during the three years from the filing date of the Complaint or when they join this lawsuit.

92.     Defendants also violated federal law by requiring Named Plaintiff and the Employees Entitled to Notice, to incur expenses on Defendants' behalf without reimbursement. *See* 29 C.F.R. § 778.217.

93.     Defendants willfully violated and continue to willfully violate the FLSA, by having engaged and continuing to engage in conduct, which demonstrates a willful and/or reckless disregard for the provisions of the FLSA.

94.     Named Plaintiff and the Employees Entitled to Notice are entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendants' violations of FLSA, by which the Named Plaintiff and the Employees Entitled to Notice have suffered and continue to suffer damages.

<u>**COUNT II**</u>
<u>**VIOLATION OF THE OHIO WAGE ACT**</u>

95.     Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

96.     The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq*.; *see also* 29 U.S.C. § 206(b).

97.     The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

98.     The Ohio Wage Act provides that covered employees shall be reimbursed when they pay for their employers' expenses. *See* O.R.C. § 4111.15(D)(1).

99.     At all times relevant to this Complaint, Defendants were joint employers covered by the Ohio Wage Act and have been thus required to comply with its mandates.

100.     At all times relevant to this Complaint, Named Plaintiff and the Ohio Acts Rule 23 Class Members were covered "employees" of Defendants pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

101.    At all times material to this Complaint, Defendants regularly employed Named Plaintiff and the Ohio Acts Rule 23 Class Members to work more than forty (40) hours in a workweek.

102.    At all times relevant to this Complaint, Defendants violated the Ohio Wage Act by repeatedly failing to compensate Named Plaintiff and the Ohio Acts Rule 23 Class Members for all hours worked at the appropriate pay rate, including Defendants' repeated action of refusing to compensate Named Plaintiff and the Ohio Acts Rule 23 Class Members for all hours worked over forty (40) hours in a workweek at a rate not less than one and one-half times their regular rate.

103.    Defendants violated the Ohio Wage Act because they knew or should have known that the Named Plaintiff and the Putative Plaintiffs "Sleep Time" was interrupted, and they did not get five (5) hours of sleep but still did not pay them for the eight (8) hours of "Sleep Time."

104.    Indeed, at all times relevant to this Complaint, Named Plaintiff and the Ohio Acts Rule 23 Class Members did not receive one and one-half times their regular rate for all hours they worked in excess of forty (40) in a workweek.

105.    At all times relevant to this Complaint, Defendants violated the Ohio Wage Act by failing to reimburse Named Plaintiff and the Ohio Acts Rule 23 Class Members after they incurred expenses for Defendants and their clients during the course of their employment.

106.    Named Plaintiff and the Ohio Acts Rule 23 Class Members are not exempt from the wage protections of Ohio Law. During relevant times, Named Plaintiff and the Ohio Acts Rule 23 Class Members were not exempt from receiving overtime because they were not "executive," "administrative," "professional," "outside sales," or "computer" employees, as those

terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* C.F.R. §§ 541 *et seq*.

107. In violating the Ohio Wage Act, Defendants' acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

108. Named Plaintiff and the Ohio Acts Rule Class Members are entitled to unpaid overtime and other compensation, interest and attorneys' fees, and all other remedies available as compensation for Defendants' violations of the Ohio Wage Act, by which the Named Plaintiff and the Ohio Acts Rule 23 Class Members have suffered and continue to suffer damages.

<u>**COUNT III**</u>
**OHIO PROMPT PAY ACT- FAILURE TO PROMPTLY PAY WAGES**

109. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

110. At all times relevant to this Complaint, Defendants were Named Plaintiff's and the Ohio Acts Rule 23 Class Members' "employer" and were required to comply with the Ohio Prompt Pay Act's provisions. *See* R.C. § 4113.15.

111. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* R.C. § 4113.15(A).

112. At all times material to this Complaint, Defendants have refused to pay Named Plaintiff and the Ohio Acts Rule 23 Class Members all owed overtime wages at one and one-half (1 ½) times their normal hourly rate and all wages at the statutorily mandate minimum wage rate, within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

113. Named Plaintiff and the Ohio Acts Rule 23 Class Members' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

114.    Defendants' violations of the OPPA have been of a willful, intentional, or bad faith nature or has otherwise exhibited a reckless disregard of the OPPA's provisions.

### COUNT IV
### VIOLATION OF O.R.C. § 2307.60 AND 29 U.S.C. § 216(a)

115.    Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

116.    The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

117.    By its acts and omissions described herein, Defendants have willfully violated the FLSA, and Named Plaintiff and the Employees Entitled to Notice who join this lawsuit have been injured as a result.

118.    O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

119.    As a result of Defendants' willful violations of the FLSA, Named Plaintiff and the Employees Entitled to Notice who join this lawsuit are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

### COUNT V
### UNJUST ENRICHMENT

120.    Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the proceeding paragraphs.

121.    Named Plaintiff asserts this unjust enrichment claim on behalf of himself and the Ohio Rule 23 Class.

122.    Defendants have received and benefitted from Named Plaintiff's and the Ohio Rule 23 Class Members' uncompensated labors and uncompensated expenses such that to retain

said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

123. At all times relevant times hereto, Defendants devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Named Plaintiff and the Ohio Rule 23 Class without paying proper overtime compensation for all hours worked.

124. Contrary to all good faith and fair dealing, Defendants induced Named Plaintiff and the Ohio Rule 23 Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

125. Contrary to all good faith and fair dealing, Defendants induced Named Plaintiff and the Ohio Rule 23 Class to incur Defendants' expenses without reimbursement.

126. By reason of having secured the work and efforts of Named Plaintiff and the Class without paying overtime compensation as required by law, and without reimbursing them for incurring Defendants' expenses in the course of their employment, Defendants enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Named Plaintiff and the Ohio Rule 23 Class.

127. Defendant retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

### PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff, on behalf of herself and the Putative Plaintiffs, pray that this Court enter the following relief:

A. For an Order sending Court Supervised Notice to the FLSA Employees Entitled to Notice as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B. For an Order certifying the Ohio Acts Rule 23 Class, under Fed. R. Civ. P. 23, as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative class action members.

C. In the event the Defendants seek to have discovery on the issues of whether the FLSA Employees Entitled to Notice are similarly situated to the Named Plaintiff, that the Court issue an order tolling the FLSA statute of limitation for the FLSA Employees Entitled to Notice as of the filing of this Complaint.

D. Designating Named Plaintiff as representative for the FLSA Employees Entitled to Notice and designating counsel of record as Class Counsel;

E. Issuing proper notice to the FLSA Employees Entitled to Notice at Defendants' expense;

F. Unpaid wages, including overtime wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiff and the FLSA Employees Entitled to Notice;

G. An Order certifying an Ohio Acts Rule 23 Class pursuant to Federal Rule of Civil Procedure 23;

H. Designation of the Named Plaintiff as representatives of the Ohio Acts Rule 23 Class and counsel of record as Class Counsel;

I. A declaratory judgment that the practice complained of herein is unlawful under the Ohio Wage Act and the OPPA;

J. Awarding Named Plaintiff and the Ohio Acts Rule 23 Class members the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA.

K. Pursuant to O.R.C. § 4111.14(J), an Order awarding an amount set by the Court sufficient

to compensate Named Plaintiff and the Ohio Acts Rule 23 Class members and deter future violations by the Defendant of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued;

L.  Compensatory and punitive damages under O.R.C. § 2307.60.

M.  Awarding pre-judgment and post-judgment interest;

N.  An award of prejudgment and post-judgment interest;

O.  An award of costs and expenses of this action, together with reasonable attorney' fess and expert fees; and,

P.  Any other relief to which the Named Plaintiff and Putative Plaintiffs may be entitled.

Dated: July 24, 2024                                   Respectfully submitted,


*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
**Barkan Meizlish DeRose Cox, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

*Attorney for Plaintiff*


### JURY DEMAND

Plaintiff requests a trial by jury on all of their claims.

*/s/ Robert E. DeRose*
Robert E. DeRose